UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

WALTER MEADOWS

    Plaintiff,

V.                                                   CIVIL ACTION NO.

AMERICAN CREDIT & COLLECTIONS, LLC

    Defendant.                                     JULY 25, 2012

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

2. The Court's jurisdiction is conferred by 15 U.S.C. 1692k and 28 U.S.C. 1331 and 1367.

3. Plaintiff is a natural person who resides in Baltimore, MD.

4. Defendant is a licensed collection agency and has a place of business as 921 OAK ST. SCRANTON, PA 18508.

5. Plaintiff is a consumer within the FDCPA.

6. Defendant is a debt collector within the FDCPA.

7. Defendant is a collector within the MCDCA.

8. Defendant communicated with Plaintiff or others on or after one year before the date of this action, in connection with collection efforts with regard to Plaintiff's disputed personal medical debt allegedly owed for student loan debt.

9. The Plaintiff was contacted by the Defendant via written letter dated January 20, 2012, in an attempt to collect a debt.

10. The Plaintiff through his wife contacted the Defendant and spoke to a collection agent who identified herself as Tracy Dale.

11. The Defendant advised the Plaintiff that the call was being recorded.

12. The Plaintiff attempted to dispute this alleged debt and was advised by Defendant's collection agent Ms. Dale, that the School has been in business for 51 Years and Plaintiff could dispute until the Cows come home; the School would dispute and win and that the School's contracts were made up by a group of Lawyers.

13. Defendant through their collection agent stated, Plaintiff's dispute was not valid. The oral dispute would not be put on Plaintiff's credit report. (The FDCPA does not distinguish between valid or invalid disputes. See §1692e (8). "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed" violates the FDCPA. See *Brady v.*

*Credit Recovery Co., Inc.*, in which the First Circuit held that under § 1692e(8) a debt collector is required to disclose a debt's disputed status regardless of whether the dispute was in writing. 160 F.3d 64, 67 (1st Cir. 1998); see *Stiff v. Wilshire Credit Corp.*, No. 05-0462, 2006 WL 141610, at *4 (D. Ariz. Jan. 17, 2006); *Rosado*, 324 F. Supp. 2d at 929.

14. Defendant threatened not to report Plaintiff's disputed debt as disputed and violated §1692e.  See § 1692e(8) (it is a violation to communicate or threaten to communicate false information, including whether a debt is disputed; *Bible v. Allied Interstate, Inc.*, No. 00-323, 2001 WL 1618494, at (D. Minn. May 14, 2001) (implying that a threat to disclose false information to a third party suffices for a claim under § 1692e(8)); *Morse v. Dun & Bradstreet, Inc.*, 87 F. Supp. 2d 901, 904 n.1 (D. Minn. 2000) (§ 1692e(8) prohibits "threat[s] to communicate false credit information to third parties").

15. Defendant stated through their collection agent, "that she is noting my Husband's account with a refusal to pay." This statement is false, deceptive and misleading, as Plaintiff attempted to dispute the debt, and at no point every refused to pay the alleged debt.

16. Plaintiff received a bill from the original creditor, dated January 20, 2012, attempting to collect $320.75.

17. Defendant sent a collection bill, dated January 20, 2012 attempting to collect $384.90.

18. Defendant added an illegal collection fee to the principal amount of the debt, and violated §1692f.

19. Defendant attempted to collect an amount in excess than that which was legally owed and violated §1692e (2) (a).

20. Defendant violated the FDCPA §1692g additionally (1) by confusing the least sophisticated consumer as to her dispute rights she is entitled to regarding the above debt. *See Brady v. Credit Recovery Co.,* 160 F.3d 64 (1st. Cir. 1998).

21. The Defendant's statements are false, deceptive and misleading and violate 1692e (8).

22. The Defendant failed to provide the required notice pursuant to §1692e (11) in each and every collection communication.

23. In the collection efforts, the Defendant violated the FDCPA; inter alia, section 1692e, f & g.

SECOND COUNT:

24. The allegations of the First Count are repeated and realleged as if fully set forth herein.

25. Within three years prior to the date of this action Defendant has engaged in acts and practices as to Plaintiff in violation of the Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act § 14-204 et seq. ("MCDCA").

26. Defendant has committed unfair or deceptive acts or practices within the meaning of the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

WHEREFORE Plaintiff respectfully requests this Court to:

1. Award Plaintiff statutory damages pursuant to the FDCPA on Count I.
2. Award Plaintiff statutory damages pursuant to the MCDCA on Count II.
3. Award such other and further relief as this Court may see fit.

THE PLAINTIFF

BY /S/ Michael W. Kennedy
Michael W. Kennedy, Esquire
The Kennedy Law Firm
1204 Main Street, Suite 176
Branford, CT 06405
203-4814040
Fax: 443-440-6372
mwk550@yahoo.com